[Civ. No. 2291. Second Appellate District, Division One.—July 10, 1919.]

FRANK MELICHAREK, Respondent, v. A. COLKINS et al., Appellants.

[1] VENDOR AND VENDEE — DELINQUENT STREET ASSESSMENTS — SUFFI-
CIENCY OF AFFIDAVITS—REPRESENTATIONS OF VENDOR.—A statement
made by a vendor upon the sale of certain lots which had been
purchased by his assignor at a sale for delinquent assessments
made under the Street Opening and Widening Act of 1903 that he
knew certain affidavits required by section 28 of the act were cor-
rect, because he had obtained advice on the subject, constituted
merely an expression of opinion and not a representation of fact.

[2] ID.—TAX DEEDS VOID — TITLE OF GRANTEE — ACTION FOR MONEY
HAD AND RECEIVED.—Even though the tax deeds under which such
vendor claimed title were void, he had an interest in the property
by virtue of the valid tax sale to his assignor which passed to his
grantee. Therefore, there not having been a total failure of con-
sideration for the deeds to such grantee, the latter was not entitled
to recover, as upon an action for money had and received, the
consideration paid by him for such lots.

APPEAL from a judgment of the Superior Court of Los
Angeles County. John M. York, Judge. Reversed.

The facts are stated in the opinion of the court.

James Brunken for Appellants.

Charles H. Mattingly for Respondent.

CONREY, P. J.—Prior to the year 1913, at a sale for de-
linquent assessments for the widening of Figueroa Street, in
the city of Los Angeles, under the Street Opening and
Widening Act of 1903, four lots of land in said city were
sold to the defendant Anna M. Colkins, and certificates of
sale thereon were issued to her. Thereafter she made assign-
ments of said certificates of sale to A. Colkins. In the month
of October, 1913, the street superintendent of the city of Los

---

1. What amounts to false representation of existing fact, notes,
1 Ann. Cas. 980; 35 L. R. A. 435.

2. Right of vendee in contract for sale of real property to recover
payments, note, L. R. A. 1918B, 540.

Angeles conveyed to A. Colkins, as assignee of defendant Anna M. Colkins, the four lots above mentioned. On or about the third day of November, 1913, A. Colkins sold and by grant deeds (one for each lot), conveyed to the plaintiff said four lots, plaintiff paying for each of said lots the agreed price of $275. Anna M. Colkins, who was the wife of A. Colkins, joined with him in the execution of the deeds to plaintiff. Without describing the several tracts in which the lots were located, we will designate them by their lot numbers only. While the plaintiff and A. Colkins were negotiating for the sale, they took the tax deeds to the office of Mr. Mattingly, an attorney at law, and asked him if they were valid. He told them that it depended upon whether or not the affidavits of Mr. Colkins were sufficient, and that if those affidavits were not sufficient the deeds were not good. The affidavits referred to were those required by section 28 of the Street Opening and Widening Act of 1903, which affidavits must be made and filed with the street superintendent. The affidavits were not present at that time and were not examined, but Colkins said that "everything is correct." Testifying in this action for the plaintiff, Mr. Mattingly states that "then Mr. Colkins stated that he knew that the affidavits were correct—all correct, because he said that he had obtained advice on the subject." This and similar testimony of the plaintiff constituted all of the evidence of representations made by the defendant concerning those affidavits. Mr. Mattingly informed them that, even though the tax deeds were absolutely correct in every particular, in order to obtain a marketable title it would be necessary to have an action to quiet title. With this information Melicharek paid the consideration and accepted the deeds from the defendants and employed Mr. Mattingly to go ahead and quiet title. Before commencing such action, however, Melicharek, for a consideration of $150 paid by him, obtained a quitclaim deed from the owner of lot 330, and afterward sold that lot. He also commenced actions to quiet title upon two of the lots and was made defendant in an action to quiet title to the remaining lot. In those cases it was determined that such affidavits were insufficient and that solely by reason thereof the tax deeds were void. As a condition of the quieting of the title of the owner in each of said cases, the owner was required to and did pay to Melicharek the amount of taxes

and penalties constituting the purchase price, which Mrs. Colkins had paid at the tax sale. These sums so received by Melicharek amounted in all to the sum of $40.76.

In the present action the plaintiff seeks to recover judgment against the defendants for the sum of $825, with interest from November 3, 1913, on account of the consideration paid by him for lots 267, 266, and 51. The complaint alleged that for the purpose of deceiving and defrauding the plaintiff and inducing plaintiff to purchase said lots from said defendant for the sum of $825, defendant A. Colkins represented to plaintiff that said affidavits were sufficient and that grant deeds from himself and wife to the plaintiff would convey a good and sufficient title and would enable the plaintiff to quiet his title against the record owners of the property; that said representations were not true and were known to the defendant to be not true, and were not warranted by the information of said defendant A. Colkins; that plaintiff believed and relied upon said representations, and except for those representations would not have paid to the said A. Colkins the said sum of $825; that plaintiff received no consideration for said sum of $825; that said deeds were void and of no effect by reason of the insufficiency of said affidavits and each of them, and that said grant deeds from defendants to plaintiff conveyed to plaintiff no title, all of which defendants at all times knew.

The complaint did not refer to the fact that a fourth lot was included in the transaction; or that said sum of $40.76, or any portion thereof, had been received by plaintiff from the owners of the lots. No tender of said money or of a reconveyance to the defendants of said lots, or any of them, was made by the plaintiff to the defendants or either of them. Although the plaintiff had perfected his title to lot 330 and had exchanged that lot for other property of a value not appearing herein, he excluded from his complaint in this action that part of his transaction with the defendants, and did not offer to reconvey lot 330 to defendants or to account in any way for the proceeds thereof. On these facts it is clear that the complaint has not stated a cause of action for rescission.

And even if the plaintiff had herein offered to do all that must be done by a party seeking to rescind a sale, the facts of the case do not show that plaintiff has any right of re-

scission. [1] The only misrepresentation claimed by him was that to which we have referred. This on its face was not a representation of fact, but merely an expression of opinion which at the time was stated to be made upon advice theretofore received. There is no evidence that the defendant A. Colkins had not received such advice, or that he did not believe the same, or that he was not warranted in believing the same.

[2] But respondent claims that he is entitled to recover as upon an action for money had and received by the defendant for the use of the plaintiff, this claim being based upon the allegation that the plaintiff received no consideration whatever for the money paid by him and which he seeks to recover. But there was not a total failure of consideration. Even if the tax deeds were void, it is conceded that the vendor was the owner of a valid interest in the property conveyed and had acquired that interest by virtue of a valid tax sale of the property to his assignor. At the time of the conveyance to plaintiff there existed no facts constituting a breach of any covenant, stated or implied, in the deeds made by defendants to the plaintiff. The utmost that can be said in favor of plaintiff's case is that the consideration which he received for the money paid by him was less valuable than it would have been if the tax deeds had been sufficient to carry the title. Having taken the property with this contingency before his eyes, and there being no equitable ground for rescission of the transaction, he is not entitled to recover. Neither the complaint nor the facts proved are sufficient to support the judgment. It should be noted that in computing the amount of its judgment the court gave credit to defendants for said sum of $40.76; but that does not affect our conclusions, herein stated.

The judgment is reversed.

Shaw J., and James, J., concurred.